IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 16-181 |
| | ) | Judge Nora Barry Fischer |
| THOMAS GRACE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court are Defendant Thomas Grace's pro se Motion for Compassionate Release, (Docket No. 551), the Government's Response in opposition and its supplement thereto, (Docket No. 557; Docket No. 560), Defendant's pro se reply, (Docket No. 565), and the Government's sur-reply (Docket No. 567). Defendant's motion is further supported by additional evidence, including medical records and other relevant documents. (*See generally* Docket No. 559). Defendant seeks to reduce the 78-month sentence imposed by this Court to time served based on his familial circumstances as well as the risks posed by the COVID-19 pandemic, including the spread of same, within BOP correctional institutions. (Docket No. 551). The Government counters that compassionate release is not warranted because Defendant has not presented an extraordinary and compelling reason, and the § 3553(a) factors otherwise do not justify a reduction in his sentence for the very serious criminal charges at issue in this case. (Docket No. 557). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [551] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

**II. BACKGROUND**

1

On April 8, 2019, Defendant pled guilty to a lesser-included offense at Count One of the superseding indictment, namely, Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of a mixture and substance containing a detectable amount of Heroin in violation of 21 U.S.C. § 846. (Docket No. 446). At the sentencing hearing on September 23, 2019, the Court carefully examined the 18 U.S.C. § 3553(a) factors, accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed a sentence of 78 months' imprisonment followed by a term of supervised release. (Docket No. 509). The 78-month sentence represented a substantial variance below the advisory guideline range of 188 to 235 months. (Docket No. 480 at 20 ¶¶ 113-14).

While serving his term of imprisonment, Defendant was housed at a maximum-security facility, USP Big Sandy, in Inez, Kentucky. (*See* Docket No. 551; Docket No. 557). Following an outbreak of COVID-19 at USP Big Sandy, on September 14, 2020, Defendant submitted an administrative request for compassionate release to the Warden. (Docket No. 551 at 9). On October 22, 2020, Defendant filed a pro se motion for compassionate release in this Court. (Docket No. 551). A week later, on October 29, 2020, the Warden denied Defendant's administrative request. (Docket No. 560-1).

The Government opposed Defendant's motion and filed its response on November 30, 2020, attaching Defendant's medical records. (Docket No. 557; Docket No. 559). On December 2, 2020, the Government supplemented its response and attached the Warden's denial of Defendant's request. (Docket No. 560). On December 15, 2020, Defendant advised the Court that he had been transferred to FCI McDowell, a medium-security facility, in Welch, West Virginia, and requested documents concerning his compassionate release motion. (Docket No. 561). The Court ordered that the Government serve Defendant at FCI McDowell with its response and supplement and mailed him a copy of that order. (Docket No. 562). Defendant submitted his pro

se reply on December 28, 2020. (Docket No. 565). The Government countered with its sur-reply on January 6, 2021. (Docket No. 567). Defendant's motion is now fully briefed and ripe for disposition.

### III. DISCUSSION

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, C.J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies, as he filed his motion more than 30 days after his administrative request. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* (Docket No. 557 at 4; Docket No. 560). Instead, the Government contends that Defendant cannot meet (2) and (3). (*See generally* Docket No. 557) Therefore, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying a

3

reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the § 3553(a) factors support the requested reduction; and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

### A. EXTRAORDINARY AND COMPELLING REASONS

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on his medical condition, familial circumstances, or the general risks posed by the COVID-19 pandemic. Defendant is 36 years old and entered prison with no documented medical issues. (*See* Docket No. 480 at 19 ¶ 101) ("The defendant reports that he is healthy and is not prescribed any medications."). In response to Defendant's administrative request, prison medical staff reported that Defendant is currently "a medical care level #1 with no medical issues" describing his condition as "healthy or [requiring] simple chronic care." (*See* Docket No. 557-1; Docket No. 560-1). And, according to Defendant's medical records, when prison staff identified a "partial obscuration" in his throat causing "mild attenuation of the airway," Defendant refused treatment. (Docket No. 559). Accordingly, Defendant's medical condition cannot serve as an extraordinary and compelling reason for his release. *See United States v. Patterson*, 2020 WL 3451542, at *2 (S.D.N.Y. June 23, 2020) (denying defendant's motion for compassionate release where he lacked "any underlying medical conditions that would make him more vulnerable to the exposure to COVID-19"); *United States v. Smeltzer*, 2020 WL 2797493, at *2 (S.D. Cal. May 29, 2020) (opining that compassionate

release was not warranted where the defendant's medical records "reflect[ed] no medical condition that would specifically make him more vulnerable to contract COVID-19").

Beyond his medical condition, Defendant cites the COVID-19 pandemic as justification for his reduction of sentence. (*See* Docket No. 551 at 6) ("In sum, [Defendant's] elevated risk of serious illness and his increased exposure while he remains incarcerated are extraordinary and compelling circumstances warranting a reduction in his sentence."). The Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). As "[t]he mere possibility of contracting COVID-19 in the future" is nothing more than "a generalized risk shared by all members of society." (Docket No. 551 at 10).

Defendant's medical records reflect that he has repeatedly tested negative for COVID-19. (Docket No. 559). His medical records also show that he has been routinely screened for COVID-19 without ever exhibiting any symptoms. *See id.* While the Court recognizes there was an outbreak of cases at UPS Big Sandy, where Defendant was previously housed, the BOP reports that there is currently no positive case among the inmate population; 75 inmates have recovered; and no deaths occurred at the facility. *See* https://www.bop.gov/coronavirus/ (last visited 01/19/2021). Likewise, at his new institution, FCI McDowell, there are currently only 74 positive inmate cases and 286 have recovered with no deaths. *See id.* As this Court has held previously,

"[t]he existence of the virus in a prison – even the level of infection at [the facility where Defendant is housed] – is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates." *United States v. Williams*, No. CR 18-335, 2020 WL 4934659, at *5 (W.D. Pa. Aug. 24, 2020) (quoting *United States v. Thorton*, Crim. No. 2:18-167, 2020 WL 4368155, at *4 (W.D. Pa. Jul. 29, 2020)). Overall, Defendant is not entitled to compassionate release because he has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

Finally, Defendant cites the burden on his fiancée as the primary caregiver to their two-year-old son. (*See* Docket No. 551 at 6-7). Familial circumstances may serve as an extraordinary and compelling reason for release where there is the death or incapacitation of the defendant's spouse/partner or the sole caregiver to the defendant's minor children. *See* U.S.S.G. § 1B1.13, cmt. 1(C). But, Defendant does not argue that his fiancée's medical condition is declining, only that his release would ease her financial and childcare burden. (*See* Docket No. 551). As the Government illustrates, Defendant's familial circumstances do not constitute an extraordinary and compelling reason warranting release. (*See* Docket No. 557 at 17-18).

### B. SECTION 3553(a) FACTORS

Assuming Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical condition and the COVID-19 pandemic do not outweigh the § 3553(a) factors supporting the 78-month sentence in this case, of which he has only served

approximately 44 months' incarceration. *See Pawlowski*, 967 F.3d at 330 ("we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors."). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

To that end, Defendant's 78-month sentence was agreed-upon by the parties and well below the advisory guidelines range of 188 to 235 months. (Docket No. 480 at 20 ¶¶ 113-14). Neither party appealed the sentence, and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The 78-month sentence also accounts for the seriousness of the offense and the gravity of the offense conduct, *see id.* § 3553(a)(2)(A), as Defendant pled guilty to trafficking heroin. (Docket No. 480). While Defendant has enrolled in G.E.D. classes and committed no infractions in prison, that alone does not justify reducing his agreed upon term of imprisonment to time served. (*See* Docket No. 557-3; Docket No. 557-4). Additionally, the 78-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Atkins*, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin."); *United States v. Yarbough*, 2014 WL 7343839, at *4 (W.D. Pa. Dec.

23, 2014) (McVerry, J.) ("[H]eroin trafficking represents a substantial danger to the community."). Finally, the 78-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence by more than half, as requested by the defense, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

      For all of these reasons,

      IT IS HEREBY ORDERED that Defendant's Motion seeking compassionate release [551] is DENIED.

                        *s/Nora Barry Fischer*
                        Nora Barry Fischer
                        Senior U.S. District Judge

Date:   January 20, 2021

cc/ecf:  All counsel of record.

        Thomas Grace
        BOP # 38461-068
        FCI McDowell
        101 Federal Drive
        Welch, WV 24801
        (via U.S. mail)